UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ARMIDA SANGUINO, on behalf of herself,
individually, and all others similarly situated,

                Plaintiff,

      -against-

AIDES AT HOME, INC. and ROSLYN WILKINS,

                Defendants.
-----------------------------------------------------------------

Docket No.:

**COMPLAINT**

*Jury Trial Demanded*

      Plaintiff ARMIDA SANGUINO ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly situated, by and through her attorneys, the LAW OFFICE OF PETER A. ROMERO PLLC, as and for her Complaint against Defendants AIDES AT HOME, INC. and ROSLYN WILKINS (collectively as "Defendants"), alleges and complains as follows:

## NATURE OF THE LAWSUIT

    1.    Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), for failure to pay minimum wage compensation under the FLSA and NYLL, for failure to pay wages at her agreed upon rates of pay under the NYLL, for failure to pay timely wages under NYLL § 191, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon her hire in her native language under NYLL § 195(1), and under the New York common law for unjust enrichment.

    2.    Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all others similarly situated during the applicable FLSA limitations period who suffered damages

as a result of the Defendants' willful violations of the FLSA as asserted in Plaintiff's First Claim for Relief. Plaintiff brings her Second through Sixth Claims for Relief under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all others similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL asserted in Plaintiff's Second through Sixth Claims for Relief and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201 *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6. At all relevant times, Plaintiff ARMIDA SANGUINO was an adult individual, residing in the State of New York, County of Suffolk.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8. At all relevant times, Defendant AIDES AT HOME, INC. is and was a domestic business corporation with its principal place of business at 29 West Marie Street, Hicksville, New York 11801.

9. At all relevant times, Defendant AIDES AT HOME, INC. is and was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of supplies, cleaning supplies, office supplies, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment for services that originate from outside of New York State.

10. At all relevant times, Defendant ROSLYN WILKINS, the President and/or Chief Executive Officer for AIDES AT HOME, INC., was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

11. Defendants are a company and its owner that provide home health care services to elderly and disabled clients, with a location at 175-61 Hillside Avenue, Suite 206, Jamaica, New York 11432.

12. Plaintiff commenced her employment in or about 2013 as a home health aide, a position that she held until in or about September 2018. Plaintiff performed various duties,

including, *inter alia*, feeding clients, cleaning, assisting clients with bathing, grooming, cleaning client's toenails, assisting with client's skincare, laundry, change client's bedding, assisting clients to use the restroom, and helping dress clients.

13. Throughout her employment, Plaintiffs was regularly required to work eight to ten hours per day, and sometimes worked shifts even longer than ten hours per day, and regularly worked between five to seven days per workweek. Accordingly, throughout her employment, Plaintiff was regularly required to work, and did in fact work, far more than forty hours per workweek during many pay periods.

14. Throughout her employment, Defendants did not accurately record the number of hours worked by Plaintiff.

15. Throughout her employment, Defendants paid Plaintiff at various regular hourly rates of pay. Throughout her employment, Plaintiff was paid her respective regular straight-time hourly rates of pay for her hours worked, including hours worked in excess of forty hours per week.

16. Throughout her employment, Plaintiff was required to appear for appointments at two or more clients' homes in a single workday, requiring Plaintiff to travel directly from each client's home to her next client appointment at a different location. However, throughout her employment, Defendants did not pay Plaintiff at any rate of pay for her hours spent traveling from one client's home for an appointment to any other clients' homes for subsequent appointments on the same workday. Thus, Defendants failed to pay Plaintiff for these hours worked travelling between client appointments either at her regular rates of pay during her first forty hours of work or at an overtime rate of pay at one and one-half times her regular rates of pay for hours worked in excess of forty per workweek, in violation of the FLSA and NYLL.

17. Plaintiff also regularly worked many additional hours without being paid any compensation both during her first forty hours of work per week and for hours worked in excess of forty during many workweeks. Accordingly, Defendants failed to pay her at any rate of pay for these hours worked.

18. Additionally, Defendants failed to pay Plaintiff any compensation for multiple months of work performed beginning in or about Spring 2018 and Defendants continued to fail to compensate Plaintiff at any rate of pay through in or about September 2018.

19. As a result, throughout her employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times her regular rates of pay for certain hours worked in excess of forty hours in violation of the FLSA and NYLL.

20. Moreover, throughout her employment, Defendants commonly paid Plaintiff at multiple regular rates of pay for hours worked within the same pay period. However, Defendants failed to correctly calculate Plaintiff's overtime rate of pay because Defendants did not take into account the multiple hourly rates of pay that it paid Plaintiff during her first 40 hours worked during each such workweek when calculating her overtime rate of pay.

21. Throughout her employment until in or about 2016, Defendants paid Plaintiff her compensation earned on a bi-monthly basis. Thus, during this period, Defendants failed to timely pay Plaintiff her wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned, in violation of NYLL § 191.

22. Defendants failed to provide Plaintiff with a notice and acknowledgement of her wage rate in her primary language – or at all – upon hire as required by NYLL § 195(1).

23. Throughout her employment, Defendants failed to provide Plaintiff with accurate wage statements containing the statutorily-mandated criteria for each pay period, including *inter*

5

*alia*, Plaintiff's accurate overtime rates of pay, accurate number of regular and overtime hours worked, gross pay, deductions and net pay, as required by NYLL § 195(3).

24. Throughout her employment, Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and NYLL by failing to accurately record and failing to properly pay Plaintiff in accordance with her hours worked.

25. Throughout her employment, Defendants used a variety of schemes to willfully avoid paying overtime compensation earned under the FLSA and NYLL and to obscure the amount of hours worked by Plaintiff. For example, throughout her employment, Defendants commonly paid Plaintiff compensation on two paychecks, sometimes through the use of alias assigned to her, or would pay her compensation through a combination of check and cash for her hours worked, which Defendants did to make it appear that Plaintiff had not worked in excess of forty hours per workweek and to avoid paying her overtime compensation. Moreover, throughout her employment, Defendants required Plaintiff to record certain hours worked on a separate sheet of paper from her regular time records to avoid properly recording her accurate number of hours worked and to avoid paying her overtime compensation. Thus, throughout her employment, Defendants willfully and intentionally violated the overtime requirements of the FLSA and NYLL.

26. Further, throughout her employment, Defendants failed to pay Plaintiff at any rate of pay for certain regular and overtime hours worked. Thus, throughout her employment, Defendants willfully and intentionally violated the overtime and minimum wage requirements of the FLSA and NYLL by failing to compensate Plaintiff for such hours worked. Throughout her employment, Defendants also willfully and intentionally violated the NYLL by failing to pay Plaintiff at her regular agreed upon rates of pay for certain hours worked during her first forty hours of work for certain pay periods.

27. Defendants treated and paid Plaintiff and the putative collective action and class action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

28. At all relevant times, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

29. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

30. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of herself and the following similarly situated employees:

> All persons who are currently, or have been employed, by the Defendants as a non-managerial Home Health Aide or in a similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms (hereinafter referred to as the "FLSA Collective Action Plaintiffs").

31. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court

promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## **RULE 23 CLASS ACTION ALLEGATIONS**

32. Plaintiff brings her New York Labor Law claims pleaded as her Second through Sixth Claims for Relief on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-managerial Home Health Aide or in a similarly-situated position at any time during the six (6) years prior to the filing of this action (hereinafter referred to as the "Class" or the "Class Members").

33. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, locations of client appointments, the positions held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

34. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests is presently within the sole control of Defendants, upon information and belief there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as non-exempt Home Health Aides at any time during the six (6) years prior to the filing of the Complaint in this action.

35. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime compensation, where such employees worked in excess of forty hours in a single workweek;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members in accordance with their agreed upon rates of pay for their first forty hours worked each workweek;

(c) Whether Defendants failed and/or refused to pay Plaintiff and the Class Members for time spent travelling between client appointments within a single workday;

(d) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class Members;

(e) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f) whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(g) whether Defendants failed to furnish the Plaintiff and Class Members with compliant wage notices in their native language as their time of hire for each pay period;

(h) whether Defendants failed to timely pay Plaintiff and Class Members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned during certain pay periods;

(i) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

9

(j) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime compensation when their hours worked exceeded 40 hours in a single workweek or at their agreed upon regular rates of pay for their first forty hours worked each workweek, including Defendants' failure and/or refusal to pay for time spent travelling between client appointments within a single workday, was done willfully and/or with reckless disregard of the wage and hour laws.

37. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. As part of a corporate-wide policy, Defendants failed to pay Plaintiff and the Class Members required overtime compensation, failed to pay them in accordance with their agreed upon regular rates of pay for the first forty hours of work during certain workweeks, failed to pay them for time spent travelling between client appointments within a single workday, failed to provide them with accurate wage statements for each pay period, failed to provide a compliant wage notice in their native language at their times of hire, failed to pay timely wages during certain pay periods under NYLL § 191, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

38. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

39. Plaintiff is able to fairly and adequately protect the interests of the Class, has no interests antagonistic to the Class and has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendant.

41. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

42. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

43. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
### (FLSA OVERTIME VIOLATION)

44. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

45. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours.

46. Defendants willfully failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

47. Defendants' failure to pay overtime compensation was willful.

48. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. Due to Defendants' failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action overtime compensation under the FLSA, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to unpaid wages in an amount to be determined at trial, liquidated damages, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (NYLL OVERTIME VIOLATION)

50. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

51. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours.

52. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

53. Defendants' failure to pay overtime compensation was willful.

54. Due to Defendants' failure to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action overtime compensation under the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to unpaid wages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
### (FAILURE TO PAY WAGES DUE UNDER NYLL)

55. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

56. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

57. Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay for each hour worked during certain pay periods during the statutory period in accordance with their agreed terms of employment.

58. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover unpaid wages for all hours worked for Defendants but for which Defendants did not provide compensation at

13

their regular agreed upon rates of pay, liquidated damages, attorneys' fees, costs, and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 195(3))

59. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

60. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with accurate statements of their wages earned, including their proper overtime rates of pay, amount of regular and overtime hours worked, gross wages, deductions and net wages for each pay period as required by NYLL § 195(3).

61. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with accurate wage statements with their wages as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 195(1))

62. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

63. Defendants failed to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice in their primary language – or at all – upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's

regular pay day, the name, address and telephone number of the employer, and other information required by New York Labor Law § 195(1).

64. Due to Defendants' failure to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by New York Labor Law § 195(1), Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

### SIXTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 191)

65. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, was employed as a manual worker or workingman, as defined by the New York Labor Law.

67. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

68. Thus, Defendants have failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of New York Labor Law § 191.

69. Defendants' violations of the NYLL have been willful and intentional.

70. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### SEVENTH CLAIM FOR RELIEF
### (MINIMUM WAGE VIOLATION UNDER FLSA)
### (ON BEHALF OF PLAINTIFF ONLY)

71. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

72. Defendants employed Plaintiff, yet willfully failed to pay Plaintiff the applicable minimum wage rates for all hours worked by failing to pay Plaintiff any wages for work performed during certain pay periods of her employment for Defendants during the statutory period, in violation of the FLSA.

73. Defendants' failure to pay minimum wage compensation was willful.

74. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, and costs of this action.

### EIGHTH CLAIM FOR RELIEF
### (MINIMUM WAGE VIOLATION UNDER NYLL)
### (ON BEHALF OF PLAINTIFF ONLY)

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

77. Defendants employed Plaintiff, yet willfully failed to pay Plaintiff the applicable minimum wage rates for all hours worked by failing to pay Plaintiff any wages for work performed during certain pay periods of her employment for Defendants during the statutory period, in

violation of the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

78. Defendants' violations of the NYLL have been willful and intentional.

79. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## NINTH CLAIM FOR RELIEF
### (FAILURE TO PAY WAGES DUE UNDER NYLL)
### (ON BEHALF OF PLAINTIFF ONLY)

80. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

81. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

82. Defendants failed to compensate Plaintiff at her regular rates of pay for each hour worked during certain pay periods during the statutory period in accordance with her agreed terms of employment.

83. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid wages for all hours worked for Defendants but for which Defendants did not provide compensation at her regular agreed upon rates of pay, liquidated damages, attorneys' fees, costs, and interest as permitted by law.

## TENTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 191)
### (ON BEHALF OF PLAINTIFF ONLY)

84. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

85. Plaintiff was employed as a manual worker or workingman, as defined by the New York Labor Law.

86. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

87. Defendants failed to pay Plaintiff any wages for work performed during certain pay periods of her employment for Defendants during the statutory period.

88. Thus, Defendants have failed to pay Plaintiff her wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of New York Labor Law § 191.

89. Defendants' violations of the NYLL have been willful and intentional.

90. Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

**ELEVENTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**
**(ON BEHALF OF PLAINTIFF ONLY)**

91. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

92. Plaintiff performed work for the benefit of Defendants, at Defendants' behest, for Defendants' clients. However, Defendants failed to compensate Plaintiff for her hours worked for the Defendants at any rate of pay during certain pay periods during the statutory period.

93. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

**DEMAND FOR A JURY TRIAL**

94. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, FLSA Plaintiffs, and Class Members demand a trial by jury on all claims in this action.

**WHEREFORE,** as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff, FLSA Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

(i) Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

(ii) Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(iii) Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

(iv) Certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

(v) Awarding unpaid overtime and minimum wage compensation and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(vi) Awarding unpaid wages, including unpaid overtime and minimum wage compensation, and unpaid wages for failure to pay compensation at an employees' agreed upon rates of pay, pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

(vii) Awarding damages pursuant to NYLL § 195(1), (3);

(viii) Awarding damages pursuant to NYLL § 191;

(ix) Awarding damages for unjust enrichment;

(x) Awarding attorneys' fees incurred in prosecuting this action;

(xi) Awarding costs incurred in prosecuting this action;

(xii) Awarding pre- and post-judgment interest as permitted by law; and

(xiii) Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 6, 2020

                          LAW OFFICE OF PETER A. ROMERO PLLC
                          *Attorneys for Plaintiff*
                          825 Veterans Highway, Suite B
                          Hauppauge, New York 11788
                          Tel.: (631) 257-5588

By: _____
     DAVID D. BARNHORN, ESQ.
     PETER A. ROMERO, ESQ.