LAW OFFICE OF
**PETER A. ROMERO**

promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

November 10, 2020

**VIA ECF**
Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Armida Sanguino v. Aides at Home, Inc.*
              Docket No.: 20-cv-01255 (GRB) (AKT)

Dear Judge Tomlinson:

      This firm represents the Plaintiff, Armida Sanguino, who brought the above-referenced matter against Defendant Aides at Home, Inc.,[1] her former employer, alleging failure to pay overtime compensation under the FLSA and NYLL, for failure to pay wages at her agreed upon rates of pay under the NYLL, for failure to pay timely wages under NYLL § 191, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon her hire in her native language under NYLL § 195(1), and under the New York common law for unjust enrichment. Accordingly, Plaintiff now submits this joint motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiff's FLSA claims.[2] The parties' proposed Negotiated Settlement Agreement and Release (the "Agreement") is attached as Exhibit A.

**Procedural History**

      On March 6, 2020, Plaintiff filed her Complaint. D.E. 1. Thereafter, the parties agreed to extend Defendant's time to answer or move in response to the Complaint in order to permit the parties to attempt to negotiate a resolution of Plaintiff's claims while conserving the parties' resources. As such, the parties exchanged certain documents and information and sought to negotiate a resolution of this action. After several months of negotiations, on September 4, 2020, the parties reported to the Court that they had reached a resolution of this lawsuit.

---

[1] Defendant Roslyn Wilkins was not ultimately served with the Complaint and is not part of this action as Plaintiff learned during service of process efforts that Defendant Wilkins passed away prior to this lawsuit.

[2] The parties do not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so. However, although non-FLSA claims do not require the Court's approval, the parties' settlement agreement, attached as Exhibit A, includes the resolution of all of Plaintiff's claims asserted in this lawsuit.

The settlement agreement between the Plaintiff and the Defendant provides for payment of a gross sum of $4,500.00, inclusive of attorneys' fees and costs. Pursuant to the Agreement, Plaintiff will receive $2,563.34 and Plaintiff's counsel will receive a total sum of $1,936.66, consisting of $1,281.66 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $655.00 for costs.

**The Court Should Approve the Settlement Agreement as Fair and Reasonable**

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiff contends that she worked for Defendant as a non-exempt home health aide. As relevant to the FLSA, Plaintiff alleges that she regularly worked between eight to ten hours per day and, as a result, commonly worked more than forty hours per workweek. Despite regularly working more than forty hours each week, Plaintiff claims that Defendant failed to pay her overtime compensation at time and one half of her regular rate of pay for certain hours worked in excess of forty hours per week.

Critically, the parties have numerous hotly-contested disputes that impact liability and damages. As an initial matter, Defendant vehemently contends that Plaintiff worked fewer hours than those asserted in this lawsuit and that she was properly paid for her time worked, which Defendant contends is reflected in compensation records. Defendant also strenuously contests Plaintiff's dates of employment and asserts that Plaintiff was employed from March 20, 2017 through December 3, 2017. Defendant would have supported its assertions with documentary evidence, testimony and likely with third-party witnesses. As a result, Defendant – which denies the allegations in the Complaint – contends that Plaintiff cannot establish liability and that Plaintiff's available damages, even if successful, would be minimal. Defendant's anticipated defenses also directly put at issue the parties' credibility and would require a trial to determine the merits of the parties' claims and defenses. While Plaintiff believes that she could ultimately prevail at trial, Plaintiff recognizes that Defendant's records and anticipated testimony create substantial risks and a potentially significant barrier to success at trial. Beyond the significant factual disputes, Defendant contends that Plaintiff is not entitled to liquidated damages, even if she is successful at trial. Because of these

challenges, Plaintiff faces a substantial risk that she could fail to establish liability at trial, or obtain considerably lower damages, even if successful at trial.

Plaintiff has calculated her damages in order to assess her best possible recovery in this litigation. Making all reasonable assumptions in her favor, based on Plaintiff's revised dates of employment, Plaintiff's best potential recovery under the FLSA at trial amounts to $4,070.00 for unpaid FLSA wages and $4,070.00 for FLSA liquidated damages. By comparison, as noted, Defendant contends that Plaintiff is not owed any unpaid FLSA wages or FLSA liquidated damages.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have engaged in full discovery, including formal written and documentary discovery, and depositions of Plaintiff, Defendant, and likely several non-party witnesses. This settlement also avoids a time consuming and inherently risky trial, which could result in a months' or years' long delay to obtaining a potential recovery for the Plaintiff even if she is successful, and avoids potentially facing future appeals. All parties face a serious risk of losing at trial, in whole or in part. Even if Plaintiff were successful on her FLSA claim, if Plaintiff were to succeed on liability but Defendant could prove that it made a good faith effort to comply with the FLSA, Plaintiff would not be entitled to liquidated damages under the FLSA, reducing Plaintiff's available FLSA damages by half to $4,070.00. If Defendant could establish that the alleged FLSA violations were not willful, Plaintiff's claims would be subject to a two-year statute of limitations, which would eliminate Plaintiff's available FLSA damages as her claims would be outside the statutory period for the FLSA. Moreover, in light of Defendant's defenses, there is a significant risk that Plaintiff could ultimately receive nothing at all. Thus, by settling at this stage, Plaintiff ensures that she will receive a recovery in this matter.

Accordingly, although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the significant possibility that she could receive lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiff will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims and related common law claims. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause or non-disclosure provision that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair."

Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

The parties have agreed to a mutual non-disparagement provision that contains the required carve out provision permitting parties to make truthful statements about this lawsuit and their experiences litigating this matter. Ramos Pelico v. PGNV, LLC, 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (approving non-disparagement clause where "the non-disparagement clause is mutual and includes an explicit carve-out for truthful statements. The Agreement provides that the mutual non-disparagement clause 'shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense.'"); Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., 2019 WL 2526087, at *7 (E.D.N.Y. June 19, 2019) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015) (non-disparagement clause "'must include a carve-out for truthful statements about plaintiffs' experience litigating their case.'"); Payano v. 1652 Popham Assocs., LLC, 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) (collecting cases) (approving non-disparagement clause "that contains a carve out for truthful statements concerning the plaintiff's experience litigating the action" and noting "the overwhelming weight of authority has approved such provisions"); Elamrani v. Henry Limousine, Ltd., 2018 WL 3518505, at *3 (E.D.N.Y. July 19, 2018) (holding that "while the agreement does contain a mutual non-disparagement clause, it also contains carve-out language permitting plaintiffs to make truthful statements about plaintiffs' experience in litigating their claims. The Court finds that the agreement's language adequately protects plaintiffs' interests in accordance with the goals of the FLSA, and approves the agreement accordingly.")

**The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336).

In this case, the portion of the settlement amount attributable to attorneys' fees is $1,281.66, or one-third of the net settlement amount after deducting for litigation costs. Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of 1/3 of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411,

417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of 1/3 of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"); see also Fisher, 948 F.3d at 603 (quoting Sand v. Greenberg, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)) ("Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'"); Zeltser v. Merrill Lynch & Co., 2014 WL 4816134, at *8 (S.D.N.Y. Sept. 23, 2014) (quoting Sand, 2010 WL 69359, at *3; and citing Reyes v. Altamarea Grp., LLC, 2011 WL 4599822, at *1 (S.D.N.Y. Aug. 16, 2011)) ("Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" and "The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights.") Thus, Plaintiff's counsel's requested fees of one-third of the net settlement sum after deducting for litigation costs is certainly reasonable.

Here, Plaintiff's counsel investigated the Plaintiff's claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, her hours worked and compensation received, and Defendant's compensation policies, created an assessment of Plaintiff's damages, and negotiated a resolution of this action. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a settlement on the Plaintiff's behalf. The settlement will be made available to the Plaintiff without the uncertainty and delay of trial.

Lastly, Plaintiff's counsel seeks reimbursement for $655.00 in advanced litigation costs, consisting of $400.00 for the filing fee for the Complaint and $255.00 for service of

LAW OFFICE OF PETER A. ROMERO PLLC • LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788 • (631) 257-5588 • overtimelawny.com

process of the Summons and Complaint.  Copies of the applicable invoice is annexed as Exhibit B.

Accordingly, Plaintiff's counsels' requests for attorneys' fees in the amount of $1,281.66 and expenses in the amount of $655.00 should be approved as reasonable.

In light of the foregoing, Plaintiff respectfully requests that the Court approve the parties' settlement and dismiss this matter with prejudice.

Respectfully submitted,

*David Barnhorn*

_____
DAVID D. BARNHORN, ESQ.

C:   All Counsel of Record *via* ECF